```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                        HARRISON DIVISION

DENISE K. CHAPMAN, Administratrix
of the Estate of Nathaniel Allen
Chapman, deceased, and JONATHAN
CHAPMAN                                                PLAINTIFFS

v.                    No. 3:10-CV-03109

FORD MOTOR COMPANY                                      DEFENDANT
```

**ORDER**

Currently before the Court are the Defendant's Motion for Summary Judgment (Doc. 15) and supporting documents, Plaintiffs' Response (Doc. 21) and supporting documents, and Defendant's Reply (Doc. 36). For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**. Furthermore, Plaintiffs' Motions for Hearing on Defendant's Motion for Summary Judgment (Docs. 38 and 40), and Plaintiffs' Motion for Extension of Time to Complete Discovery (Doc. 44) are **DENIED**.

**I. Background and Procedural History**

The case upon which this action is based was originally filed in 1997, and tried to a defense verdict. Plaintiffs appealed, and the case was affirmed by the Supreme Court of Arkansas. *See Chapman v. Ford Motor Company*, 368 Ark. 328 (2006).

On November 2, 2010, Plaintiffs filed this action in the Circuit Court of Baxter County, Arkansas, requesting relief pursuant to Rules 60(c)(1) and (4) of the Arkansas Rules of Civil

Procedure governing setting aside a judgment for misrepresentation or fraud. According to the Plaintiffs, Defendant Ford Motor Company committed fraud upon the court by "feloniously concealing and despoiling evidence", claiming that the only reason for the Plaintiffs' damages was driver error, "by deliberately misleading the trial judge regarding the scientific reliability and legal admissibility of certain government reports that Ford used to support a defense that was knowingly fraudulent; and by presenting the testimony of witnesses shown later in the attached deposition to be false by the aforesaid feloniously concealed and despoiled evidence." *See* Doc. 3.

Defendant removed the action to this Court on November 17, 2010, and filed a Motion for Summary Judgment (Doc. 15) on March 25, 2011.

**II. Summary Judgment Standard**

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the

benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

### III. Discussion

Arkansas Rule of Civil Procedure 60(c)(1) and (4) provides:

> (c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days*. The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:
> (1) By granting a new trial where the grounds therefor were discovered after the expiration of ninety (90) days after the filing of the judgment, or, where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Rule 59(b), upon a motion for new trial filed with the clerk of the court not later than one year after discovery of the grounds or one year after the judgment was filed with the clerk of the court, whichever is the earlier; provided, notice of said motion has been served within the time limitations for filing the motion.
> (4) For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

The Court agrees with Defendant that Plaintiffs' Complaint is an independent action rather than one seeking relief pursuant to

Arkansas Rule of Civil Procedure 60(c). Independent actions to set aside judgments are governed by Rule 60(k). Rule 60(k) serves to "not limit the power of a court to entertain an independent action to relieve a party from a judgment who was not actually personally served with process or to set aside a judgment or decree for fraud upon the court." *Id*. The Reporter's Note to Rule 60(k) contains the statement: "Arkansas has previously recognized the power of an equity court to review a judgment from a court of law, although such power is severely limited. *Cotten v. Hamblin*, 233 Ark. 65 (1961)". The *Cotten* case states that "a chancery court has limited power to set aside the judgment of a law court, but it must be shown that there is no adequate remedy at law." Id.; *See also Pryor v. Raper*, 46 Ark. App. 150 (1994).

Plaintiffs have already filed a Motion for New Trial in their original action pursuant to Rule 60(c). *See* Doc. 36-1. As such, Plaintiffs are already pursing the legal remedy available to them in seeking relief from the alleged fraud upon the trial court. The Circuit Court of Baxter County, Arkansas has the authority to grant Plaintiffs the relief they are seeking, and that is the appropriate forum for this dispute.

**IV.  Conclusion**

The Court finds that Plaintiffs have an adequate remedy at law to pursue this case. As such, summary judgment is appropriate and Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**.

Plaintiffs' Motions for Hearing on Defendant's Motion for Summary Judgment (Docs. 38 and 40), and Plaintiffs' Motion for Extension of Time to Complete Discovery (Doc. 44) are **DENIED**.

**IT IS SO ORDERED** this 19th day of July, 2011.

/s/ Paul K. Holmes, III
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**